Gilbert-MW v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-068-CR

        MICHAEL W. GILBERT,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 942144 CR2
                                                                                                    

O P I N I O N
                                                                                                    

          A Waco Municipal Court judge found Michael W. Gilbert guilty of allowing a dog to run
at large in the city, failing to have the dog vaccinated against rabies, and failing to appear to
answer the charges. See Waco, Tex., Code §§ 1-6, 7-20, 7-41 (1967) (current versions at
Waco, Tex., Code §§ 1-15(b), 5-61, 5-92 (1994)). The court assessed punishment of $225 in
fines. Gilbert appealed from this judgment to a McLennan County court at law. See Tex. Code
Crim. Proc. Ann. arts. 4.08 (Vernon 1977), 44.17 (Vernon Supp. 1996). After a bench trial in
the county court at law, Gilbert was again found guilty of the animal-running-at-large and failure-to-vaccinate offenses on January 24, 1995. He was punished by a $75 fine and ordered to pay
$220 in court costs. Although Gilbert was represented by counsel in the county court at law
proceeding, he proceeds pro se on appeal.
          Because the fine imposed by the county court at law was less than $100, we do not have
jurisdiction "unless the sole issue is the constitutionality of the statute or ordinance on which the
conviction is based." Id. art. 4.03 (Vernon Supp. 1996). The city ordinance states:
Sec. 7-41. Running at large.
(a) It shall be unlawful for any person who owns, keeps, harbors or otherwise has
control over any animal, livestock, fowl or wildlife within the city to allow or permit such
animal, livestock, fowl or wildlife to run or be at large within the city.
. . .
(c) An animal shall be considered to be at large if it is not under the control of its
owner by either a leash, chain, cord, or other suitable material attached to a collar or
harness or not on the property of the owner. . . .
. . .
(e) Proof that an animal was found at large in violation of this section, together
with proof that the defendant was the owner of such animal at the time, shall constitute
prima facie evidence that the defendant allowed or permitted the animal to be at large.
Waco, Tex., Code § 7-41 (1967) (current version at Waco, Tex., Code § 5-92 (1994)).
Gilbert does not argue that the ordinance is facially unconstitutional. Instead, he argues that it is
unconstitutional as applied to him under the circumstances.
          The only record we have from the hearing is the court's pronouncement:
          THE COURT: Mr. Gilbert, the Court having heard the testimony in this case is going to find that you are guilty as charged. The statute does not require that you
own the dog. The statute simply requires that you own or keep or harbor or
otherwise have control of the dog. And even from your testimony, you apparently
had joint control of the dog, and the statute requires that the State prove that you
had control of the dog and failed to exercise that control, and I think they've
proved that case.
          Gilbert objects to the court's finding of "joint control." He argues that he was not in
primary control of the dog, that the dog belonged to his sister, and that he committed no wilful
or negligent act in failing to control the animal. In essence, Gilbert argues that the evidence is
insufficient to sustain his conviction. We do not have a record from which to determine a
sufficiency question;


 nor do we have jurisdiction to review a sufficiency question in this case. 
Tex. Code Crim. Proc. Ann. art. 4.03. In light of our restricted jurisdiction, we also do not
reach Gilbert's other arguments which do not attack the constitutionality of the "dog-at-large"
statute.


 Id.
          When we reach Gilbert's complaint that the ordinance is unconstitutional as applied to him,
we find that we must overrule his complaint because we do not have a record from which we can
determine its merits. The burden of providing us with a record requiring reversal lies, of course,
with an appellant. Tex. R. App. P. 50(d). Because the complete record is absent and we cannot
determine how the ordinance was applied in this case, we overrule Gilbert's complaint about the
constitutionality of the ordinance and affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 17, 1996
Do not publish